**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 6 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10391 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00210-JAM-1 |
| v. | |
| VERA KUZMENKO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted August 4, 2021[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Vera Kuzmenko appeals from the district court's order denying her motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review § 3582(c)(1) sentence reduction decisions for abuse of discretion. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). The district court abuses its discretion only if its decision is illogical, implausible, or without support in the record. *United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018).

Kuzmenko contends that she qualifies for compassionate release because her health conditions, e.g., obesity, hypertension, and sleep apnea, put her at an increased risk of severe complications or death if she contracts COVID-19. In assessing a § 3582(c)(1)(A)(i) motion, courts consider (1) whether "extraordinary and compelling reasons warrant such a [sentence] reduction"; and (2) "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A)(i).

Here, the district court conducted a complete review of Kuzmenko's motion on the merits, specifically considering the scope of the harm caused by Kuzmenko and that she has only served 60 months of her 168-month prison sentence, and concluded that reducing her sentence "would undermine the 18 U.S.C. § 3553[(a)] sentencing factors by minimizing the original sentence's deterrent effect and failing to protect the public from the possibility of further crimes by [Kuzmenko]." *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (district court need not make "an explicit 'extraordinary and compelling' finding before denying the [§

2

3582(c)(1)(A)(i)] motion on account of the § 3553(a) factors" (emphasis in original)).  Accordingly, there was no abuse of discretion.

**AFFIRMED.**